Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4483 | **DATE** | 9/9/2011 |
| **CASE TITLE** | Robinson vs. Beckman | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* [23] is granted. The plaintiff's motion for appointment of counsel [24] is denied without prejudice. The plaintiff may renew his motion for appointment of counsel if, after a diligent search during the next 28 days, he is unable to procure an attorney. Discovery is ordered stayed during this time; accordingly, the discovery cut off date, which was set for October 6, 2011, (*see* ECF No. 22), is extended until November 3, 2011. The plaintiff is ordered to file a short status report on October 6, 2011 advising the court of whether he was able to procure an attorney. The parties shall appear for a status hearing on October 11, 2011 at 9:30 a.m. and on November 8, 2011 at 9:30 a.m. (after the close of discovery); the status hearing set for October 18, 2011 at 9:30 a.m. is stricken.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Derrick Robinson brought this action against Nick Beckman, James Gallagher, Paul Sznura, and one unknown detective under 42 U.S.C. § 1983 seeking relief for injuries he sustained when the defendants allegedly unlawfully arrested him, detained him, beat him, and denied him medical treatment. For the following reasons, Robinson's motions for leave to proceed *in forma pauperis* is granted and his motion for appointment of counsel is denied without prejudice.

    Robinson avers that he is unemployed, and does not have any significant assets or savings. Where the form asks the applicant to fill in the amount of monies received in the past twelve months, Robinson responded that he received $216 in social security insurance and $200 in welfare. However, later in the application, Robinson avers that his mother and sister, with whom he resides, depend on the aforementioned payments for support (i.e. some of those monies go towards groceries, rent, and other expenses), as do his wife and two sons, with whom he does not reside (i.e. they receive a portion of Robinson's welfare and social security insurance funds for child support and other expenses). Robinson's latter averments suggest that he receives social security insurance and welfare payments monthly rather than once a year. In any event, considering that Robinson receives only $416 each month, which he uses to help provide for six people, the court finds that paying the filing fee would be a significant financial hardship. Accordingly, Robinson's motion for leave to proceed *in forma pauperis* is granted.

    Robinson has also moved for appointment of counsel. "There is no constitutional or statutory right to counsel in federal civil cases." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007)). "Nevertheless, a district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Id.* (citing *Pruitt*, 503 F.33d at 654). When considering a request for appointment of counsel, a district court must: (1) "consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so," (2) "evaluate the

| STATEMENT |
|---|

complexity of the case," and (3) evaluate "whether the plaintiff appears competent to litigate it on his own." *Id.* at 851-52 (citing *Pruitt*, 503 F.3d at 654-55).

As an initial matter, Robinson avers that he has not contacted any legal organizations seeking representation since he cannot afford an attorney. In *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992), the Seventh Circuit held that "If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright." *Id.* at 1073. Citing the version of § 1915(d) then in force, which stated, "[t]he court may request an attorney to represent any such person *unable to employ counsel* . . . ," 28 U.S.C. § 1915(d) (1988 & Supp. III) (emphasis added), the Seventh Circuit explained, "[r]equiring a threshold examination into an indigent's effort to retain counsel is based on the language of the enabling statute" since "by its own terms, § 1915(d) dictates than an indigent must have made an unsuccessful attempt to obtain counsel before the request can be considered." *Id.* at 1072.

However, the statutory text has since been amended so that it now reads, "The court may request an attorney to represent any person *unable to afford counsel*." 28 U.S.C. § 1915(e)(1). Given this, the Seventh Circuit's analysis in *Jackson* no longer seems applicable and the question of whether to appoint Robinson counsel (even despite the fact that he has not attempted to procure counsel) appears to be discretionary. *See Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993) ("Until *Jackson*, however, [the Seventh Circuit] had assumed that 'unable to employ counsel' meant indigent, though an indigent might be able to obtain a lawyer on a contingent-fee basis if he had a substantial claim for money damages."). Nevertheless, requiring Robinson to attempt to find counsel - who may take his case, which requests monetary damages, on a contingent fee basis - before the court appoints counsel, is altogether reasonable and even advisable. *See id.* ("If the plaintiff were unable to secure a lawyer in the private market, this might mean the suit had no merit, although alternatively it might mean that the plaintiff lacked the necessary information to obtain a suitable lawyer."). Accordingly, the motion for appointment of counsel is denied without prejudice. Discovery is stayed for 28 days to give Robinson time to try to find a lawyer. On October 6, 2011, Robinson shall file a status report apprising the court of the specific efforts he made to secure counsel and whether or not each effort to find an attorney was successful. Robinson may renew his motion for appointment of counsel at that time if, in fact, his search was unsuccessful.